UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DANIEL WALLACE,<br><br>                    Plaintiff,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION;<br>RED HAT, INC.; and<br>NOVELL, INC.,<br>                    Defendant. | Case No. 1:05-cv-678-SEB-VSS |

**BRIEF OF RED HAT, INC. AND NOVELL, INC.
IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

**I.**

**PRELIMINARY STATEMENT**

Defendants Red Hat, Inc. and Novell, Inc. join in the arguments presented by International Business Machines Corporation ("IBM") in support of its Motion to Dismiss the Complaint. Red Hat, Inc. and Novell, Inc. submit the following additional brief statement of reasons the Complaint should be dismissed with prejudice.

**II.**

**ARGUMENT**

**A.   The Complaint Fails to Allege a Violation of the Sherman Act.**

The single substantive paragraph of the Complaint alleges that the Defendants have "conspired to promote a copyright licensing scheme employing the GNU General Public License to fix the prices of computer programs." Plaintiff goes on to allege that this "denies the Plaintiff

an opportunity to earn <u>future revenues</u> in the field of computer programming." (Emphasis added.) The relief requested is an injunction prohibiting the "promotion or use of Section 2(b) of the General Public License."

The General Public License ("GPL") which is the subject of the Complaint is part of the legal framework for what is commonly referred to as "free" or "open source" software. Licensees of computer programs that are licensed pursuant to the GPL are not charged for the license, but are required to license any derivative works that they create using the licensed software under the same terms and conditions, which include (a) making the source code freely available, and (b) not charging for the license. (*See* **Exhibit A**, attached.)

Section 2(b) of the GPL provides:

> You must cause any work that you distribute or publish, that in whole or in part contains or is derived from the Program or any part thereof, to be licensed as a whole at no charge to all third parties under the terms of this License.

Thus, under Section 2(b) of the GPL, any licensee of "open source" or "free" software (a) is not charged for the license, (b) receives the source code and is free to improve the program and make derivative works from it, but (c) must in turn license any improvements or derivative works, at no charge, to all third parties under the same terms.

Construing Plaintiff's allegations in light of the actual terms of the GPL, and construing them most favorably to the Plaintiff, it is evident that Plaintiff has failed to allege a violation of the Sherman Act. The "agreement" that is alleged – Section 2(b) of the GPL – is, if anything, a vertical maximum price restraint, which after *State Oil v. Khan*, 522 U.S. 3 (1997), is to be evaluated under the Rule of Reason. Indeed, even before *State Oil v. Khan*, courts recognized that the unique attributes of intellectual property licenses made per se treatment of vertical price restraints in software licenses inappropriate. *See LucasArts Entertainment Company v. Humongous Entertainment Company*, 870 F. Supp. 285 (N.D. Cal. 1993) (granting summary

judgment <u>against</u> licensee who claimed that software license provision regulating resale prices for derivative works violated the Sherman Act).

Because Plaintiff has not alleged any per se violation, the alleged restraint must be judged under the Rule of Reason. *Spanish Broadcasting System of Florida, Inc. v. Clear Channel Communications, Inc.*, 376 F.3d 1065, 1071 (11th Cir. 2004). In cases subject to the Rule of Reason, anticompetitive effects in a relevant market must be specifically alleged. Here, Plaintiff conspicuously fails to allege any effect on anyone other than himself. This failure to allege an effect on competition requires dismissal of the Complaint.

In *Car Carriers, Inc. v. Ford Motor Company*, 745 F.2d 1101 (7th Cir. 1984), the Seventh Circuit upheld the dismissal of a complaint under Rule 12(b)(6) on the basis that the plaintiff had not alleged an anticompetitive effect:

> The fatal flaw in these pleadings is the absence of any allegation, either direct or inferential, of an anticompetitive effect. . . . As the Supreme Court has aptly stated, the antitrust laws were designed to protect competition, not merely competitors.

*Id*. at 1109.

In short, Plaintiff has failed to allege a per se violation of the Sherman Act, nor has he alleged facts showing injury to competition in a relevant market to state a claim under the Rule of Reason. The Complaint should therefore be dismissed.

**B.    Plaintiff Has Failed to Allege Antitrust Injury or Plaintiff's Standing to Sue.**

The allegations of the Complaint also show that Plaintiff lacks standing to sue because he has suffered no "antitrust injury." This is a separate, and sufficient, basis on which to dismiss the Complaint.

The Supreme Court first articulated in the case of *Brunswick Corp. v. Pueblo Bowl-o-Mat, Inc.*, 429 U.S. 477 (1977), the requirement that a plaintiff suing under the Clayton Act establish "antitrust injury." In *Brunswick*, the plaintiffs were independent bowling alley

operators who alleged that they had been injured by the defendant's unlawful acquisition of failing bowling centers in their neighborhoods. Plaintiffs alleged that if the centers had been allowed to fail, or had been acquired by a less well-financed competitor, the plaintiffs would have been subject to less competition, and would therefore have made greater profits. The Supreme Court, in reversing a judgment in favor of the plaintiffs, explained that a plaintiff who alleges injury by reason of a violation of the Sherman Act must allege more than mere "but for" causation. Such a plaintiff must allege injury that flows directly from the anticompetitive aspect of the challenged activity. The Court reiterated that because the antitrust laws were created for the protection of competition, not individual competitors, a plaintiff does not state a claim under the Sherman Act when he merely complains that increased marketplace competition has diminished his revenues.

The Supreme Court has reaffirmed and extended the holding of *Brunswick* in subsequent cases that are dispositive here.

First, in *Atlantic Richfield Companies v. USA Petroleum Company*, 495 U.S. 328 (1990), the Court held that a competitor who alleged that he lost profits due to his competitor's vertical maximum price fixing scheme lacked standing to sue under the antitrust laws. A review of the terms of the GPL, specifically Section 2(b), discloses that this is precisely the situation alleged by this Complaint. *Atlantic Richfield* establishes that Plaintiff has no standing to bring this Complaint, even if the alleged vertical maximum price fixing agreement were per se unlawful, which after *State Oil v. Khan* it plainly is not.

The fact that Plaintiff seeks only injunctive relief, rather than damages, does not save the Complaint from dismissal. In *Cargill, Inc. v. Monfort of Colorado*, 479 U.S. 104 (1986), the court held that antitrust injury requirement applies equally to plaintiffs seeking injunctive relief under Section 16 of the Clayton Act.

In short, under *State Oil v. Khan*, Plaintiff has not alleged a substantive violation of the Sherman Act.  Moreover, under the *Brunswick*, *Richfield*, and *Cargill* cases, Plaintiff has not alleged any actual or threatened "antitrust injury" of the sort that would give him standing to sue. Therefore, even if Plaintiff had stated the elements of an antitrust violation – which he has not – the Complaint should still be dismissed.

### III.

### CONCLUSION

For all the foregoing reasons, as well as all the reasons cited in the brief filed by IBM, the Complaint should be dismissed with prejudice.

    Respectfully submitted,

    ICE MILLER

    s/ Philip A. Whistler
    Philip A. Whistler
    (philip.whistler@icemiller.com)
    Curtis W. McCauley
    (curtis.mccauley@icemiller.com)
    ICE MILLER
    One American Square, Box 82001
    Indianapolis, Indiana 46282-0200
    Telephone: (317) 236-2100

    Counsel for Defendants Red Hat, Inc., and Novell, Inc.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 6th day of July, 2005, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

    Michael Gottschlich
    (mgottsch@btlaw.com)
    Kendall H. Millard
    (kmillard@btlaw.com)
    BARNES & THORNBURG

A copy of the foregoing will be sent via first class mail to the following parties:

    Daniel Wallace
    P.O. Box 572
    New Palestine, IN  46163

    s/ Philip A. Whistler
    Philip A. Whistler

INDY 1573660v.1