UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DANIEL WALLACE, ) | | |
|      Plaintiff, ) | | |
| ) | | |
|   vs. ) | | 1:05-cv-678 RLY-VSS |
| ) | | |
| INTERNATIONAL BUSINESS ) | | |
| MACHINES CORPORATION; RED HAT, ) | | |
| INC.; and NOVELL, INC., ) | | |
|      Defendants. ) | | |

**ENTRY ON DEFENDANTS' MOTIONS TO DISMISS**

In his Second Amended Complaint, Plaintiff Daniel Wallace ("Wallace") brings a claim against International Business Machines Corporation, Red Hat, Inc., and Novell, Inc. (collectively, "Defendants") for "restraint of trade by way of a licensing scheme to fix the prices of computer software." (*See* Second Amended Complaint at 1). This matter is before the court on Defendant International Business Machines Corporation's Motion to Dismiss, in which Defendants Red Hat and Novell join, and on Defendants Red Hat and Novell's joint Motion to Dismiss.

**I.     Background**

Wallace accuses Defendants of conspiring with Free Software Foundation, Inc.,[1] and others, "to pool and cross license their copyrighted intellectual property in computer

---

[1] Wallace's claims against Free Software Foundation, Inc. were dismissed in a separate cause of action, *Wallace v. Free Software Foundation, Inc.*, 1:05-cv-0618-JDT-TAB (S.D.Ind. 2006) (Tinder, J.).

programs that are collectively known as the Linux (or GNU/Linux) operating system." (Second Amended Complaint at 2). The result of this conspiracy, according to Wallace, is the foreclosure of competition in the market for computer operating systems and the prevention of Wallace from marketing his own computer operating system. (*Id*. at 2-3). Wallace brings his action pursuant to 15 U.S.C. § 26 (§ 16 of the Clayton Act).[2]

The General Public License, or "GPL," that is the subject of Wallace's complaint is part of the framework commonly known as "open source" software. (Brief in Support of Red Hat and Novell's Motion to Dismiss at 2). "Licensees of computer programs that are licensed pursuant to the GPL are not charged for the license, but are required to license any derivative works that they create using the licensed software under the same terms and conditions . . . ." (*Id*.; *see also* Ex A (GPL)). Wallace argues that the GPL fixes the price of all derivative works at zero, or free, and he claims that this amounts to predatory price fixing. (Response to Red Hat and Novell's Motion to Dismiss at 5).

## II.     Motion to Dismiss Standard

When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court examines the sufficiency of the complaint, not the merits of the lawsuit. Fed. R. Civ. P. 12(b)(6); *United States v. Clark County, Ind.*, 113 F.Supp.2d 1286, 1290 (S.D. Ind. 2000). The court will dismiss a complaint for failure to state a claim only if it "'appears beyond doubt that the plaintiff can prove no set of facts in

---

[2] In his Response to Red Hat and Novell's Motion to Dismiss, Wallace also claims to bring his action under 15 U.S.C. § 1 (§ 1 of the Sherman Act).

support of his claim which would entitle him to relief.'" *Hamlin v. Vaudenberg*, 95 F.3d 580, 583 (7th Cir. 1996) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  In making its determination, the court accepts the allegations in the complaint as true, and it draws all reasonable inferences in favor of the plaintiff.  *Mallett v. Wisconsin Div. of Vocational Rehabilitation*, 130 F.3d 1245, 1248 (7th Cir. 1997); *Porter v. DiBlasio*, 93 F.3d 301, 305 (7th Cir. 1996).  The court will also consider facts presented in exhibits attached to the complaint.  *See*, *Zinermon v. Burch*, 494 U.S. 113.

### III.  Analysis

Wallace alleges that the Defendants' "predatory price-fixing scheme prevents [him] from marketing his own computer operating system as a competitor."  His complaint fails because it fails to allege anticompetitive effects in an identifiable market. *Car Carriers, Inc. v. Ford Motor Company*, 745 F.2d 1101 (7th Cir. 1984) (affirming dismissal based on failure to allege an anticompetitive effect).

Antitrust laws are for "the protection of competition, not competitors."  *Brunswick Corp. v. Pueblo Bowl-o-Mat, Inc.*, 429 U.S. 477, 488 (1977).  In this case, the GPL benefits consumers by allowing for the distribution of software at no cost, other than the cost of the media on which the software is distributed.  (Ex. A at ¶ 1).  "When the plaintiff is a poor champion of consumers, a court must be especially careful not to grant relief that may undercut the proper functions of antitrust."  *Ball Mem'l Hosp., Inc. v. Mutual Hosp. Ins., Inc.*, 784 F.2d 1325, 1334 (7th Cir. 1986).  Because he has not identified an anticompetitive effect, Wallace has failed to allege a cognizable antitrust

injury.

Wallace has had two chances to amend his complaint, after Defendants highlighted the deficiencies discussed herein. His continuing failure to state an antitrust claim indicates that the complaint has "inherent internal flaws." *Car Carriers, Ic*, 745 F.2d at 1105. Wallace will not be granted further leave to amend his complaint because the court finds that such amendment would be futile. *See Shanahan v. Chicago*, 82 F.3d 776 (7th Cir. 1996).

### IV. Conclusion

Defendant International Business Machines Corporation's Motion to Dismiss (Docket #51) and Defendants Red Hat, Inc. and Novell, Inc.'s Motion to Dismiss (Docket #53) are **granted**. Wallace's complaint is hereby **dismissed with prejudice**.

Dated: May 16, 2006.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Copy to:

Daniel Wallace
P.O. Box 572
New Palestine, IN 46163

4

Electronic copies to:

Michael H. Gottschlich
BARNES & THORNBURG LLP
mgottsch@btlaw.com

Curtis W. McCauley
ICE MILLER LLP
mccauley@icemiller.com

Kendall H. Millard
BARNES & THORNBURG LLP
kmillard@btlaw.com

Philip A. Whistler
ICE MILLER LLP
philip.whistler@icemiller.com